UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE PRICE,

                Plaintiff,

v.

DR. CARL KOENIGSMANN, M.D.
ROBERT BENTIVEGA, THOMAS
GRIFFEN, and DR.K.,

                Defendants.

No. 19-CV-4068 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Tyrone Price ("Plaintiff") brings this Action pro se against Defendants Dr. Carl Koenigsmann ("Dr. Koenigsmann"), Robert Bentivegna, M.D. ("Dr. Bentivegna), Thomas Griffen ("Griffen"), and Dr. K (collectively, "Defendants"). (Compl. (Dkt. No. 2).) On October 21, 2019, in response to a letter from Defendants stating that they were unable to identify Defendant Dr. K without more information beyond what was alleged in the Complaint, the Court ordered Plaintiff to provide further identifying information as to Dr. K's identity. (Memo Endorsement (Dkt. No. 15).) On November 4, 2019, Plaintiff wrote to the Court stating that he had no further information about Dr. K and that he was unable to provide even a physical description of him. (Dkt. No. 16.)

Generally, *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), instructs courts that they should assist pro se plaintiffs in identifying defendants when plaintiffs do not know their name and/or service information. *See Valentin*, 121 F.3d at 75–76. However, in *Valentin*, the Second Circuit mandated only "some inquiry . . . as to whether [an unidentified defendant] exists and could readily be located," *Id.* at 75. Following inquiry, when it is clear that "the information

available is insufficient to identify the defendant with enough specificity to permit service of process," dismissal may be warranted. *See id.* at 76. Although a "district court has an obligation to assist an incarcerated pro se litigant to obtain discovery necessary to identify an unidentified individual defendant in order to avoid dismissal," it is also true that the Second Circuit "do[es] not require a district court to bring up the issue of discovery or prompt the defendant to seek such discovery." *Wilson v. 103RD Precinct*, 182 F.3d 902 (2d Cir. 1999).

Here, Plaintiff has not sought discovery to identify Dr. K, nor is Plaintiff able to provide further information to assist Defendants in properly identifying him. The Court has already ordered Defendants to identify Dr. K in its Order of Service. (Order of Service (Dkt. No. 8).) In accordance with that Order, Defendants have reviewed "all of the paperwork currently available regarding [] Plaintiff's medical care," have spoken with staff at Green Haven, and were ultimately "unable to determine the identity of Dr. K." (Dkt. No. 14 at 1.) Defendants suggest that "Dr. K" may be referring to Dr. Koenigsmann, who is already a named and served Defendant in this case. (*Id.*; *see also* Dkt. (entry for Oct. 2, 2019).) The Court is satisfied with the Defendants' inquiry and, given the impasse due to Plaintiffs' inability to provide further information, terminates the unidentified Dr. K from this case.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and terminate Defendant Dr. K.

SO ORDERED.

DATED: November 13, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE